**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM G. KIRK,

        Plaintiff,

  v.

WELLS FARGO BANK, N.A.; and DOES 1-100, inclusive,

        Defendants.

No. C 12-05969 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Currently before this Court is defendant Wells Fargo Bank, N.A.'s motion to dismiss plaintiff's complaint. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing scheduled for January 11, 2013. For the reasons set forth below, the Court GRANTS the motion to dismiss, with leave to amend.

**BACKGROUND**

This case stems from an allegedly unlawful mortgage foreclosure. On January 11, 2006, plaintiff William Kirk entered into a refinance loan with Wells Fargo for $476,000, secured by a Note and Deed of Trust on his home at 147 Mabry Way, San Rafael, California 94903 (the "Property"). Compl. ¶¶ 3, 8. The deed names Wells Fargo as the Lender and Beneficiary, and Fidelity National Title Insurance Company as the Trustee. *Id.* The next month, Wells Fargo assigned its beneficial interest in the Deed of Trust and the Note to the Wells Fargo Mortgage Backed Securities 2006-2 Trust (the "Trust"), but it did not record the assignment. *Id.* ¶¶ 9-11.

Six years later, on July 9, 2012, Wells Fargo recorded with the Marin County Recorder's Office a Corporate Assignment of Deed of Trust for the Property, purporting to assign all beneficial interest

**United States District Court**
For the Northern District of California

1 under the Deed of Trust to US Bank National Association, as Trustee for the Trust. RJN, Ex. 2.[1] The

2 next day, Fidelity recorded a Notice of Default and Election to Sell Under Deed of Trust with the Marin

3 County Recorder's Office. *Id.*, Ex. 1. On October 24, 2012, Fidelity recorded in Marin County a Notice

4 of Trustee's Sale for the Property. *Id.*, Ex. 3. Finally, on November 19, 2012, US Bank recorded a

5 Trustee's Deed Upon Sale with the Marin County Recorder. *Id.*, Ex. 4.

6       On October 19, 2012, Kirk filed a suit against Wells Fargo in Marin County Superior Court. On

7 November 15, 2012, the court granted Kirk's ex parte application for a temporary restraining order,

8 restraining Wells Fargo from completing the foreclosure of the Property. Six days later, Wells Fargo

9 removed the case to this Court pursuant to diversity jurisdiction.

10       Plaintiff Kirk alleges that Wells Fargo did not properly notice or record the assignment to the

11 Trust. Therefore, Kirk argues, the subsequent foreclosure is invalid because the Trustee did not have

12 valid authority to record a Trustee's Deed Upon Sale. The complaint alleges four causes of action

13 against Wells Fargo: (1) breach of express contract, (2) breach of implied contract, (3) quiet title, and

14 (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code §§ 17200, *et*

15 *seq.*

16

17                            **LEGAL STANDARD**

18       Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it

19 fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss,

20 the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

21 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility " standard requires the plaintiff

22 to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."

23 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading

24 of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and

25

26

27       [1] Defendant's request for judicial notice of exhibits 1-4 is granted, as all of these documents are

28 matters of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

**United States District Court**
For the Northern District of California

1  a formulaic recitation of the elements of a cause of action will not do," *id.* at 555. The plaintiff must

2  allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

3  In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's

4  allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los*

5  *Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true

6  "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

7  *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court

8  must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

9  *Iqbal*, 556 U.S. at 678. In considering a motion to dismiss, the court may take judicial notice of matters

10 of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th

11 Cir. 1986).

12 If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth

13 Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend

14 the pleading was made, unless it determines that the pleading could not possibly be cured by the

15 allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal

16 quotation marks omitted).

17

18                                    **DISCUSSION**

19 **1.      Breach of Contract**

20          **A.      Breach of the Deed of Trust**

21 Kirk alleges that Wells Fargo breached the Deed of Trust, which requires Wells Fargo to

22 "execute or cause Trustee to execute a written notice of the occurrence of an event of default and of

23 Lender's election to cause the property to be sold. . . . Trustee shall give public notice of the sale . . ."

24 Compl. ¶ 13-14 (quoting Ex. B "Deed of Trust" ¶ 22). Kirk argues that because Wells Fargo did not

25 publicly record the assignment of the Note and its beneficial rights to the Trust, it breached the Deed

26 of Trust. Additionally, he argues that the assignment to the Trust in 2006 violated paragraph 22 of the

27 Deed of Trust because he was not in default at that time. He argues that the improper assignment

28 invalidates the foreclosure, because there was not proper authority to foreclose on the loan.

**United States District Court**
For the Northern District of California

1     Wells Fargo argues that the assignment to the Trust did not violate the Deed of Trust.  The Court

2   agrees.  The transfer of the Note and the beneficial interest does not constitute a sale of the Property,

3   and therefore did not violate paragraph 22 of the Deed of Trust.  Under the terms of the contract, the

4   assignment did not need to be recorded, and it did not need to occur when Kirk was in default.  The

5   Deed of Trust specifically authorizes Wells Fargo to sell the Note and its beneficial interest without

6   giving notice to Kirk: "The Note or partial interest in the Note (together with this Security Instrument)

7   can be sold one or more times without prior notice to Borrower."  Deed of Trust ¶ 20.  Therefore, the

8   allegations of the complaint do not state a claim that Wells Fargo breached the Deed of Trust when it

9   assigned the Note and its beneficial interest to the Trust.

10

11          **B.      Breach of the PSA**

12     Additionally, Kirk alleges that Wells Fargo breached the Pooling and Servicing Agreement

13   ("PSA"), a contract between the loan servicer and the loan pool.  Compl. ¶¶ 17-21.  Kirk alleges that

14   the PSA requires that a trust must receive the assignment of benefits within 90 days of the close of the

15   Trust, and this was violated because there was no recorded assignment within 90 days.  *Id.*

16     Wells Fargo argues that Kirk does not have standing to assert a violation of the PSA, because

17   he is neither a party to nor an intended beneficiary of that agreement.  The Court agrees.  California

18   Civil Code § 2923.6(a) states that "[t]he Legislature finds and declares that any duty servicers may have

19   to maximize net present value under their pooling and servicing agreements is owed to all parties in a

20   loan pool, not to any particular parties . . ."  Courts have held that neither the PSA nor section 2923.6

21   confers standing on the homeowner.  *See Pittman v. Barclays Capital Real Estate, Inc.*, No. 09 CV 0241,

22   2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009) (finding that section 2923.6 "in no way confers

23   standing on a borrower to contest a breach of that duty"); *Farner v. Countrywide Home Loans*, No.

24   08cv2193, 2009 WL 189025, at *2 (S.D.Cal. Jan. 26, 2009) (holding that "nothing in Cal. Civ. Code

25   § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of

26   action for borrowers").  *Accord Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188

27   (N.D. Cal. 2009) ("The Court finds that § 2923.6 does not create a cause of action for Plaintiff.  Section

28   (a) applies only to servicers and parties in a loan pool. . . . The Court finds that the wording in Section

4

1   (b) does not impose any duty on Defendants.  Since Defendants do not owe Plaintiff a statutory duty

2   under this section, Plaintiff has no cause of action.").  Therefore, the Court finds that plaintiff Kirk

3   cannot state a claim for breach of the PSA.

4          Because the Court finds that Kirk has failed to allege sufficient facts to state a claim that Wells

5   Fargo breached the Deed of Trust or the PSA, the Court DISMISSES plaintiff's first cause of action for

6   breach of express contract.

7

8   **2.      Plaintiff's Remaining Causes of Action**

9          Plaintiff Kirk's remaining causes of action rely on the same alleged misconduct that forms the

10  basis of the first cause of action for breach of express contract.  In his second cause of action for breach

11  of implied contract, Kirk alleges that Wells Fargo breached implied agreements because it sold its rights

12  to the Trust when Kirk was not in default and without notice or recording.  Compl. ¶ 27.  Kirk's third

13  cause of action for quiet title alleges that he is entitled to quiet title because the assignment to the Trust

14  was made without notice or recording.  *Id.* ¶ 37.  His fourth cause of action alleges that Wells Fargo's

15  allegedly improper assignment violated California's Unfair Competition Law ("UCL"), Cal. Bus. &

16  Profs. Code §§ 17200, *et seq. Id.* ¶¶ 37-43.  As Kirk explains in his complaint, "[s]ection 17200 is a

17  derivative action and Plaintiff's ability to pursue this cause of action depends on the success or failure

18  of their [*sic*] substantive causes of action."  *Id.* ¶ 40.

19         Because the Court has found that plaintiff has failed to state a claim to relief for breach of

20  express contract, the Court also finds that the plaintiff has failed to state a claim in his derivative causes

21  of action.  Therefore, the Court DISMISSES plaintiff's second, third, and fourth causes of action.[2]

22

23

24

25         [2] In the recitation of facts, plaintiff also alleges that the failure to record the assignment to the
    Trust violates 26 U.S.C. § 860G, because Wells Fargo improperly received advantageous tax treatment
26  and should have either disclaimed the asset or paid a higher tax rate.  Compl. ¶¶ 17-19.  The complaint
    alleges that "plaintiff's counsel, on behalf of plaintiff, is a whistleblower to this scheme under the
27  authority and at the request of the Internal Revenue Service, pursuant to 26 U.S.C. 7801 (1982 as
    amended) for the purposes of reporting violations of Internal Revenue laws."  *Id.* ¶ 18.  However,
28  plaintiff does not assert a separate cause of action for Wells Fargo's alleged violation of the Internal
    Revenue Code.  Therefore, Court need not address it in deciding the motion to dismiss.

**United States District Court**
For the Northern District of California

5

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss. Plaintiff has requested, and therefore the Court grants, leave to amend in an effort to state a claim. Any amended complaint must be filed no later than January 25, 2013. Docket No. 11.

**IT IS SO ORDERED.**

Dated: January 9, 2013

SUSAN ILLSTON
United States District Judge