United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM G. KIRK, | No. C 12-05969 SI |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND; VACATING HEARING** |
| v. | |
| WELLS FARGO BANK, N.A.; and DOES 1-100, inclusive, | |
| Defendant. | |

Now before the Court is defendant's motion to dismiss plaintiff's first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff has filed an opposition to which defendant has replied. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing currently scheduled for April 19, 2013. Having considered the parties' arguments, the Court hereby GRANTS defendants' motion to dismiss WITHOUT LEAVE TO AMEND, for the reasons set forth below.

**BACKGROUND**

On January 11, 2006, Kirk borrowed $476,000 from Wells Fargo to refinance an existing mortgage loan. FAC ¶ 8, Ex. B ("Deed of Trust"). In exchange for the loan, Kirk executed a promissory note ("the Note") and the Deed of Trust. *Id.* Kirk's home, located at 147 Mabry Way, San Rafael, California, secured the loan. *Id.* ¶ 3. The Deed of Trust identifies Kirk as the borrower, Wells Fargo as the lender and beneficiary, and Fidelity National Title Insurance Co. as trustee ("Fidelity").

*Id.* ¶ 8  The Deed of Trust granted Fidelity a security interest in the property. *Id.*, Ex. B.  The Deed of Trust also provides:

> **Acceleration; Remedies**.  Lender shall give notice to Borrower prior to acceleration following any breach of any covenant or agreement in this Security Instrument . . .  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to borrower, by which the default must be cured; (d) that failure to cure on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property . . .
>
> If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold . . .  After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines.

Deed of Trust, p.14 ¶ 22.  The Deed of Trust further provides:

> **Sale of Note; Change of Loan Servicer: Notice of Grievance.**  The Note or partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument and Applicable law . . .

Deed of Trust, p.13 ¶ 20.  Thus, the Deed of Trust and the Note plainly contemplate that they may be transferred or sold without prior notice.

Wells Fargo securitized and sold the Note and beneficial interest in the Deed of Trust to Wells Fargo Mortgage Backed Securities 2006-2 Trust ("Trust"). FAC ¶ 9. Wells Fargo continued collecting mortgage payments and servicing the loan. *Id.* ¶ 10.

On July 9, 2012, Wells Fargo executed an assignment of the Deed of Trust – dated July 5, 2012 – and recorded it in the Official Records of Marin County.  RJN Ex. 2.[1]  The assignment states that Wells Fargo transferred all beneficial interest under the Deed of Trust to U.S. National Bank Association, as trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-2. *Id.*

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court hereby takes judicial notice of the foreclosure related documents attached to defendant's motion as they are either public records or documents incorporated by reference into plaintiff's complaint.

2

By July 2012, Kirk was in default. RJN Ex. 1. The Notice of Default, which was recorded in the Official Records of Marin County on July 10, 2012, states that Kirk owed $27,130.92 in past due payments. When Kirk failed to cure his default, on October 24, 2012, the trustee Fidelity recorded a Notice of Trustee's Sale in the Official Records of Marin County, which states that the sale would be held on November 13, 2012. RJN, Ex. 3. The property was sold on November 13, 2012, for $399,000. RJN, Ex. 4.

On October 19, 2012, Kirk filed suit in Marin County Superior Court against Wells Fargo alleging breach of contract, breach of the implied covenant of good faith and fair dealing, quiet title, and violation of California Business and Professions Code Section 17200. Wells Fargo removed the case to this Court and filed a motion to dismiss the complaint. On January 9, 2013, the Court granted Wells Fargo's motion, giving plaintiff leave to amend. In that Order, the Court rejected Kirk's argument that the assignment of the Note and the beneficial interest was a sale of the Property. Accordingly, the Court rejected Kirk's argument that the assignment was invalid because it was not recorded. Such an assignment, the Court held, need not have been recorded under the terms of the contract.

On January 25, 2013, Kirk filed an amended complaint alleging a single cause of action for wrongful foreclosure. On March 3, 2013, Wells Fargo again moved to dismiss, arguing that plaintiff has failed to allege facts sufficient to support a wrongful foreclosure claim.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility " standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do," *id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## DISCUSSION

A nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly. *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 444 (Cal.Ct.App.2003) ("Our analysis proceeds on the presumption of validity accorded the foreclosure sale"). To state a cause of action for wrongful foreclosure, the plaintiff must plead "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking

4

the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Lona v. Citibank*, N .A., 202 Cal.App.4th 89, 104 (Cal.Ct.App.2011).

Kirk's FAC is fatally defective because as a threshold matter, it contains no valid allegations that the foreclosure was illegal, fraudulent, or willfully oppressive. Kirk's primary argument is that the Notice of Default initiating the non-judicial foreclosure was invalid because it was signed by Fidelity as agent to the beneficiary, Wells Fargo, an entity that allegedly was neither the trustee nor beneficiary under the Deed of Trust due to the prior securitization. FAC ¶ 34.

This argument fails, as a matter of law, for two reasons. First, under California law, "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by recording and serving a notice of default. Cal. Civ. Code § 2924(a)(1). Thus, Fidelity was properly authorized to initiate judicial foreclosure as trustee, on behalf of U.S. National Bank – to whom Wells Fargo had assigned its beneficial interest. Second, Wells Fargo did not lose its status as beneficiary when it transferred its beneficial interest under the Deed of Trust to U.S. National Bank, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-2. In fact, Judge Gonzalez Rogers specifically rejected this argument when plaintiff's counsel made it in a similar action before this Court involving Wells Fargo. *See Permito v. Wells Fargo Bank, N.A.*, 2012 WL 1380322, *5 (N.D. Cal. 2012) (observing that many other courts have also rejected this argument). The "securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust." *Reyes v. GMAC Mortgage LLC*, 2011 WL 1322775, at *2 (D. Nev. Apr.5, 2011). Moreover, as discussed above, the Deed of Trust specifically contemplated both that the trustee could issue the notice of default and that the beneficiary, Wells Fargo, could lawfully sell "[t]he Note or partial interest in the Note (together with this Security Instrument)," without changing its legal relationship to the borrower. *See* Deed of Trust, p.13 ¶ 20, p.14 ¶ 22. Accordingly, Wells Fargo remained the beneficiary and the default notice at issue was lawfully issued by the Wells Fargo's

5

agent, Fidelity.

Because Kirk's FAC fails to allege anything illegal, fraudulent, or willfully oppressive in the sale, the Court need not consider the other arguments raised in defendant's motion. The Court finds that dismissal is warranted because the Notice of Default was not invalid, as plaintiff suggests. Moreover, having granted Kirk leave to amend once before, and finding no allegations here that would support a wrongful foreclosure action, the Court finds that leave to amend would be inappropriate.

## CONCLUSION

For the foregoing reasons, the Court holds that plaintiffs have failed to state a claim, and GRANTS defendants' motion to dismiss, WITHOUT LEAVE TO AMEND. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 18 , 2013

SUSAN ILLSTON
United States District Judge